**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CURTIS CHUN,<br><br>  Plaintiff-Appellant,<br><br> v.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>  Defendant-Appellee,<br><br> and<br><br>JOHN DOES, 1-10; et al.,<br><br>  Defendants. | No.  20-16558<br><br>D.C. No.<br>1:18-cv-00131-JMS-RT<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief District Judge, Presiding

Submitted February 16, 2022**
Honolulu, Hawaii

Before:  HAWKINS, R. NELSON, and FORREST, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Curtis Chun appeals the adverse grant of summary judgment in his employment discrimination action under § 504 of the Rehabilitation Act and the Hawaii Whistleblower Protection Act ("HWPA") against the City and County of Honolulu (the "City"). We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Gordon v. County of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018), we affirm.

Chun concedes that a two-year statute of limitations applies to his claims under the Rehabilitation Act and HWPA. *See* Haw. Rev. Stat. §§ 378-63(a), 657-7; *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 869 (9th Cir. 2014). He also concedes that his claims accrued no later than August 6, 2012—his last day of employment with the City—and he did not file his complaint until April 10, 2018. Thus, absent equitable tolling, his claims are time-barred.

There was no error in concluding Chun failed to make the requisite showing of eligibility for equitable tolling to withstand summary judgment. To demonstrate eligibility for equitable tolling as a result of a mental impairment, Chun had to show: (1) "his mental impairment was an extraordinary circumstance beyond his control"; and (2) he exercised "diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *Bills v. Clark*, 628 F.3d 1092, 1099–100 (9th Cir.

2010) (internal quotation marks omitted); *see also Office of Hawaiian Affairs v. State*, 133 P.3d 767, 789 (Haw. 2006) (applying federal equitable tolling principles).

Chun submitted evidence that he was deemed unfit to stand trial on criminal charges at various times in 2012, 2014, and 2015. On February 21, 2018, however, Chun was deemed fit to proceed on a criminal charge. Assuming his mental impairment persisted until February 2018, the evidence that Chun submitted does not demonstrate or warrant an inference that his mental impairment made it impossible to meet the filing deadline in this case or that he diligently pursued his Rehabilitation Act and HWPA claims to the extent he understood them. *See Bills*, 628 F.3d at 1110. To the contrary, the 2015 mental evaluation report on which Chun primarily relies shows that Chun remained fit "on some levels" and maintained a basic knowledge of the court system, including the roles and functions of court personnel, various pleas and defenses relevant to a case, and the adversarial nature of the process. The City also submitted evidence that Chun filed and began litigating several civil matters in 2015, including a state workers' compensation claim that involved allegations that Chun was terminated by the City in retaliation for being a whistleblower. By April 2016, Chun was represented by counsel in his workers' compensation case.

Accordingly, Chun failed to submit sufficient evidence to warrant equitable tolling. *See Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011)

(equitable tolling not warranted in light of plaintiff's "proven ability to advance and protect his legal interests" through participation in other litigation during the period for which he sought tolling due to a mental impairment).

**AFFIRMED.**